1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Julia A. Luster (State Bar No. 295031)
   1990 North California Boulevard, Suite 940
3  Walnut Creek, CA  94596
   Telephone: (925) 300-4455
4  Facsimile:  (925) 407-2700
   E-Mail: ltfisher@bursor.com
5          jluster@bursor.com

6  **BURSOR & FISHER, P.A.**
   Scott A. Bursor (State Bar No. 276006)
7  888 Seventh Avenue
   New York, NY  10019
8  Telephone: (212) 989-9113
   Facsimile:  (212) 989-9163
9  E-Mail: scott@bursor.com

10 *Attorneys for Plaintiff*

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13

14

15 EHDER SOTO, individually and on behalf of all    Case No.
   others similarly situated,
16                                                  **CLASS ACTION COMPLAINT**
                         Plaintiff,
17                                                  <u>**JURY TRIAL DEMANDED**</u>
         v.
18
   SAFEWAY INC.,
19
                         Defendant.
20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Ehder Soto ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Safeway Inc. ("Safeway" or "Defendant").  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1.      This is a class action lawsuit on behalf of purchasers of 5-ounce cans of Safeway Chunk Light Tuna in Water and 5-ounce cans of Safeway Solid White Albacore Tuna in Water (collectively, "Safeway Tuna").  Safeway Tuna is underfilled and thus substantially underweight. Safeway is cheating purchasers by providing less tuna than they are paying for.  As will be discussed below, government testing revealed that 6 of 6 lots tested – and 106 of 108 individual cans tested – failed to meet the federally mandated minimum standard of fill.

2.      Independent testing by the U.S. National Oceanic and Atmospheric Administration ("NOAA")[1] determined that, over a sample of 5 cans, 5-ounce cans of Safeway Chunk Light Tuna in Water contain an average of only 2.29 ounces of pressed cake tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).  This is 19.4% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  *See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  Similarly, another test by NOAA determined that, over a sample of 7 cans, 5-ounce cans of Safeway Solid White Albacore Tuna in Water contain an average of only 2.83 ounces of pressed cake tuna, which is 12.4% below the federally mandated minimum standard of fill of 3.23 ounces for these cans.  *Id.*  Of these tests, every individual can was below the minimum standard of fill.

3.      These results are corroborated by additional rounds of testing.  Another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Safeway Chunk Light Tuna in Water contain an average of only 2.55 ounces of pressed cake tuna, which is 10.2% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  Yet another test by

---

[1] NOAA is an agency of the U.S. Department of Commerce with responsibility for regulating the nation's fisheries.

NOAA determined that, over a sample of 24 cans, 5-ounce cans of Safeway Chunk Light Tuna in Water contain an average of only 2.57 ounces of pressed cake tuna, which is 9.5% below the federally mandated minimum standard of fill 2.84 ounces for these cans.  And yet another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Safeway Chunk Light Tuna in Water contain an average of only 2.67 ounces of pressed cake tuna, which is 6.0% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  Lastly, yet another test by NOAA determined that, over a sample of 24 cans, 5-ounce cans of Safeway Chunk Light Tuna in Water contain an average of only 2.54 ounces of pressed cake tuna, which is 10.6% below the federally mandated minimum standard of fill of 2.84 ounces for these cans.  Of these tests, 94 of 96 cans (97.9%) were below the minimum standard of fill.

4.     Plaintiff asserts claims on behalf of himself and a nationwide class of purchasers of Safeway Tuna for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, unjust enrichment, violation of California's Consumers Legal Remedies Act ("CLRA"), violation of California's Unfair Competition Law ("UCL"), violation of California's False Advertising Law ("FAL"), negligent misrepresentation, and fraud.

**PARTIES**

5.     Plaintiff Ehder Soto is a citizen of California who resides in Aptos, California. From approximately 2012 through the end of 2014, Plaintiff Soto purchased 5-ounce canned Safeway Chunk Light Tuna in Water at a Safeway store in the Santa Cruz, California area.  During this period, Plaintiff Soto purchased approximately five cans of Safeway Chunk Light Tuna in Water every two weeks, which were underfilled and thus substantially underweight.

6.     Defendant Safeway Inc. is a Delaware corporation with its principal place of business in Pleasanton, California.  Safeway is an American supermarket chain.  With over 2,200 stores and over 250,000 employees, Safeway is the second largest supermarket chain in North America.  In 2013, Safeway realized approximately $36.139 billion in revenue and $3.507 billion in net income.  In 2009, Safeway was estimated to be the eleventh largest retailer in the United States.  Safeway's primary base of operations is in the western and central United States, with

1    some stores located in the Mid-Atlantic region of the Eastern Seaboard.  As part of its operations,

2    Safeway is engaged in the processing, packaging, and distribution of Safeway-brand canned tuna

3    products, which it sells in its retail locations.

4          7.     Whenever reference is made in this Complaint to any representation, act, omission,

5    or transaction of Safeway, that allegation shall mean that Safeway did the act, omission, or

6    transaction through its officers, directors, employees, agents, and/or representatives while they

7    were acting within the actual or ostensible scope of their authority.

8                              **JURISDICTION AND VENUE**

9          8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A)

10   because this case is a class action where the aggregate claims of all members of the proposed class

11   are in excess of $5,000,000.00, exclusive of interest and costs, and most members of the proposed

12   class are citizens of states different from Defendant.  This Court also has supplemental jurisdiction

13   over state law claims pursuant to 28 U.S.C. § 1367.

14         9.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because

15   a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this

16   District.  Plaintiff Soto is a citizen of California, resides in this District, and purchased Safeway

17   Tuna from Defendant in this District.  Moreover, Safeway distributed, advertised, and sold

18   Safeway Tuna, which is the subject of the present complaint, in this District.  Furthermore,

19   Safeway's principal place of business is in this District.

20                          **CLASS REPRESENTATION ALLEGATIONS**

21         10.    Plaintiff seeks to represent a class defined as all persons in the United States who

22   purchased Safeway Tuna (the "Class").  Excluded from the Class are persons who made such

23   purchase for purpose of resale.

24         11.    Plaintiff also seeks to represent a subclass of all Class members who purchased

25   Safeway Tuna in California (the "Subclass").

26         12.    Members of the Class and Subclass are so numerous that their individual joinder

27   herein is impracticable.  On information and belief, members of the Class and Subclass number in

28   the millions.  The precise number of Class members and their identities are unknown to Plaintiff at

1    this time but may be determined through discovery.  Class members may be notified of the

2    pendency of this action by mail and/or publication through the distribution records of Defendant

3    and third party retailers and vendors.

4            13.     Common questions of law and fact exist as to all Class members and predominate

5    over questions affecting only individual Class members.  Common legal and factual questions

6    include, but are not limited to:  whether Safeway Tuna is underfilled and thus substantially

7    underweight; whether Defendant warranted that Safeway Tuna contained an adequate amount of

8    tuna for a 5-ounce can; whether Defendant warranted that Safeway Tuna is legal for sale in the

9    United States; whether Defendant breached these warranties; and whether Defendant committed

10   statutory and common law fraud by doing so.

11           14.     The claims of the named Plaintiff are typical of the claims of the Class in that the

12   named Plaintiff purchased Safeway Tuna in reliance on the representations and warranties

13   described above and suffered a loss as a result of that purchase.

14           15.     Plaintiff is an adequate representative of the Class and Subclass because his interests

15   do not conflict with the interests of the Class members he seeks to represent, he has retained

16   competent counsel experienced in prosecuting class actions, and he intends to prosecute this action

17   vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and

18   his counsel.

19           16.     The class mechanism is superior to other available means for the fair and efficient

20   adjudication of the claims of Class and Subclass members.  Each individual Class member may

21   lack the resources to undergo the burden and expense of individual prosecution of the complex and

22   extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

23   the delay and expense to all parties and multiplies the burden on the judicial system presented by

24   the complex legal and factual issues of this case.  Individualized litigation also presents a potential

25   for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

26   management difficulties and provides the benefits of single adjudication, economy of scale, and

27   comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment

28

of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I

### Breach Of Express Warranty

17.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

18.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

19.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

20.     In fact, Safeway Tuna is not fit for such purposes because each of these express warranties is false.  Particularly, Safeway Tuna is underfilled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.

21.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT II

### Breach Of The Implied Warranty Of Merchantability

22.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

23.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

24.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

25.     Defendant breached the warranty implied in the contract for the sale of Safeway Tuna because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because Safeway Tuna is underfilled and thus substantially underweight, does not contain an adequate amount of tuna for a 5-ounce can, and is illegal for sale in the United States.  As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

26.     Plaintiff and Class members purchased Safeway Tuna in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

27.     Safeway Tuna was not altered by Plaintiff or Class members.

28.     Safeway Tuna was defective when it left the exclusive control of Defendant.

29.     Defendant knew that Safeway Tuna would be purchased and used without additional testing by Plaintiff and Class members.

30.     Safeway Tuna was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

31.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT III

### Breach Of The Implied Warranty Of Fitness For A Particular Purpose

32.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

33.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

34.     Defendant marketed, distributed, and/or sold Safeway Tuna with implied warranties that it was fit for its intended purposes in that it contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.  At the time that Safeway Tuna was sold, Defendant knew or had reason to know that Plaintiff and Class members were relying on Defendant's skill and judgment to select or furnish a product that was suitable for sale.

35.     Plaintiff and Class members purchased Safeway Tuna in reliance upon Defendant's implied warranties.

36.     Safeway Tuna was not altered by Plaintiff or Class members.

37.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT IV

### Unjust Enrichment

38.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

39.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

40.     Plaintiff and Class members conferred benefits on Defendant by purchasing Safeway Tuna.

41.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of Safeway Tuna.  Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.  These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased Safeway Tuna if the true facts were known.

42.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT V

**Violation Of California's Consumers Legal Remedies Act,**

**California Civil Code §§ 1750, *et seq.***

**(Injunctive Relief Only)**

43.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

44.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendant.

45.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

46.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

47.     Defendant violated this provision by misrepresenting that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

48.     Plaintiff and the Subclass suffered injuries caused by Defendant because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

49.     On or about November 3, 2015, prior to filing this action, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).  Plaintiff sent Safeway a letter via certified mail, return receipt requested, advising Safeway that it is in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiff's letter is attached hereto as Exhibit A.

50.     Wherefore, Plaintiff seeks injunctive relief only for this violation of the CLRA.

## <u>COUNT VI</u>

### Violation Of California's Unfair Competition Law,

### California Business & Professions Code §§ 17200, *et seq.*

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendant.

53.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

54.     Defendant's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

55.     Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

56.     Defendant violated the "fraudulent" prong of the UCL by making misrepresentations about Safeway Tuna, as described herein.

57.     Plaintiff and the Subclass lost money or property as a result of Defendant's UCL violations because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

<u>**COUNT VII**</u>

**Violation Of California's False Advertising Law,**

**California Business & Professions Code §§ 17500,** *et seq.*

58.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

59.     Plaintiff brings this claim individually and on behalf of the proposed Subclass against Defendant.

60.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

61.     Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.

62.     Defendant knew or should have known, through the exercise of reasonable care that its representations about Safeway Tuna were untrue and misleading.

63.     Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

64.     Plaintiff and the Subclass lost money or property as a result of Defendant's FAL violations because:  (a) they would not have purchased Safeway Tuna on the same terms if the true facts were known concerning its quantity and failure to comply with FDA regulations; (b) they paid a price premium for Safeway Tuna due to Defendant's promises that it contained an adequate amount of tuna for a 5-ounce can; and (c) Safeway Tuna did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

## COUNT VIII

### Negligent Misrepresentation

65.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

67.     As discussed above, Defendant misrepresented that Safeway Tuna contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.  Defendant had a duty to disclose this information.

68.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

69.     At an absolute minimum, Defendant negligently misrepresented and/or negligently omitted material facts about Safeway Tuna.

70.     The negligent misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Safeway Tuna.

71.     Plaintiff and Class members would not have purchased Safeway Tuna if the true facts had been known.

72.     The negligent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT IX

### Fraud

73.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

75.     As discussed above, Defendant provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about Safeway Tuna, including but not limited to the fact that it contained an adequate amount of tuna for a 5-ounce can and that Safeway Tuna is legal for sale in the United States.  These misrepresentations and omissions were made with knowledge of their falsehood.

76.     The misrepresentations and omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase Safeway Tuna.

77.     The fraudulent actions of Defendant caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.     For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the

1    Class and Subclass and Plaintiff's attorneys as Class Counsel to represent members

2    of the Class and Subclass;

3    b.    For an order declaring the Defendant's conduct violates the statutes referenced

4    herein;

5    c.    For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on

6    all counts asserted herein;

7    d.    For compensatory and punitive damages in amounts to be determined by the Court

8    and/or jury;

9    e.    For prejudgment interest on all amounts awarded;

10   f.    For an order of restitution and all other forms of equitable monetary relief;

11   g.    For injunctive relief as pleaded or as the Court may deem proper; and

12   h.    For an order awarding Plaintiff, the Class, and the Subclass their reasonable

13   attorneys' fees and expenses and costs of suit.

14                          **<u>DEMAND FOR TRIAL BY JURY</u>**

15   Plaintiff demands a trial by jury of all issues so triable.

16

17   Dated: November 5, 2015                    Respectfully submitted,

18                                              **BURSOR & FISHER, P.A.**

19

20                                   By:   ___/s/ *L. Timothy Fisher*___

21                                              L. Timothy Fisher

22                                   L. Timothy Fisher (State Bar No. 191626)
                                      Julia A. Luster (State Bar No. 295031)
23                                   1990 North California Boulevard, Suite 940
                                      Walnut Creek, CA  94596
24                                   Telephone: (925) 300-4455
                                      Facsimile:  (925) 407-2700
25                                   E-Mail: ltfisher@bursor.com
                                                 jluster@bursor.com
26
                                      **BURSOR & FISHER, P.A.**
27                                   Scott A. Bursor (State Bar No. 276006)
                                      888 Seventh Avenue
28                                   New York, NY  10019

Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Ehder A. Soto, declare as follows:

1.    I am a plaintiff in this action and a citizen of the State of California.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.    The complaint in this action is filed in the proper place because I purchased Safeway Chunk Light Tuna in Water in this District and Defendant conducts a substantial amount of business in this District.

3.    While living in the Santa Cruz area, I purchased one or more 5-ounce can of Safeway Chunk Light Tuna in Water for my household and my personal use.  I purchased Safeway Chunk Light Tuna in Water after I read the label on the can that said it contained an adequate amount of tuna for a 5-ounce can.  The representations on the label were substantial factors influencing my decision to purchase Safeway Chunk Light Tuna in Water.  I would not have purchased Safeway Chunk Light Tuna in Water if I had known that the cans were underfilled and underweight.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on October 21, 2015 at Aptos, California.

_____
Ehder A. Soto

**EXHIBIT A**

# BURSOR & FISHER
P.A.

1990 NORTH CALIFORNIA BLVD.                                                     L. TIMOTHY FISHER
SUITE 940                                                                          Tel: 925.300.4455
WALNUT CREEK, CA 94596-7351                                                       Fax: 925.407.2700
www.bursor.com                                                                 ltfisher@bursor.com

November 3, 2015

*Via Certified Mail – Return Receipt Requested*

Safeway Inc.
5918 Stoneridge Mall Road
Pleasanton, CA  94588

Re:     *Notice and Demand Letter Pursuant to California Civil Code § 1782 and U.C.C. § 2-607*

To Whom It May Concern:

        This letter serves as a preliminary notice and demand for corrective action by Safeway
Inc. ("Safeway")  pursuant to the provisions of California Civil Code § 1782, on behalf of our
client, Ehder Soto, and a class of all similarly situated purchasers of 5-ounce canned Safeway
Chunk Light Tuna in Water and Safeway Solid White Albacore Tuna in Water (the "Class").
This letter also serves as notice pursuant to U.C.C. § 2-607(3)(a) concerning the breaches of
express and implied warranties described herein.

        Our client purchased one or more 5-ounce cans of Safeway Chunk Light Tuna in Water,
which were underfilled and thus substantially underweight.   Independent testing by the U.S.
National Oceanic and Atmospheric Administration ("NOAA")[1] determined that 5-ounce cans of
Safeway Chunk Light Tuna in Water contain an average of only 2.54 ounces of pressed cake
tuna when measured precisely according to the methods specified by 21 C.F.R. § 161.190(c).
This is 10.6% below the federally mandated minimum standard of fill for these 5-ounce cans.
*See* 21 C.F.R. § 161.190(c)(2)(i)-(xii).  Similarly, NOAA determined that 5-ounce cans of
Safeway Solid White Albacore Tuna in Water contain an average of only 2.83 ounces of pressed
cake tuna when measured precisely according to the methods specified by 21 C.F.R.
§ 161.190(c), which is 12.4% below the federally mandated minimum standard of fill for these
5-ounce cans.  These results are further corroborated by additional testing by NOAA.  In short,
Safeway is cheating purchasers by providing less tuna than they are paying for.  *See* U.C.C.
§§ 2-313, 2-314.

        By systematically underfilling and selling short-weighted cans of Safeway Chunk Light
Tuna in Water and Safeway Solid White Albacore Tuna in Water (collectively, "Safeway
Tuna"), Safeway has violated and continues to violate subsections (a)(5) and (a)(9) of the
Consumers Legal Remedies Act, Civil Code § 1770, which prohibits representing that goods or
services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities

---

[1] NOAA is an agency of the U.S. Department of Commerce with responsibility for regulating the
nation's fisheries.

BURSOR&FISHER
P.A.

which they do not have, and advertising goods or services with intent not to sell them as advertised.

On behalf of our client and the Class, we hereby demand that Safeway immediately (1) cease and desist from continuing to underfill and sell short-weighted cans of tuna; (2) issue an immediate recall of these underfilled, short-weighted cans; and (3) make full restitution to all purchasers of Safeway Tuna of all purchase money obtained from sales thereof.

We also demand that Safeway preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.  All documents concerning the packaging, canning, and manufacturing process for Safeway Tuna;

2.  All documents concerning the measurements of the quantity of tuna in Safeway Tuna;

3.  All standard of fill tests conducted on Safeway Tuna;

4.  All documents concerning the pricing, advertising, marketing, and/or sale of Safeway Tuna;

5.  All communications with customers concerning complaints or comments concerning the underfilling, short-weighting, or otherwise referencing the quantity of tuna in Safeway Tuna.

If Safeway contends that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

This letter also serves as a thirty (30) day notice and demand requirement under § 1782 for damages.  Accordingly, should Safeway fail to rectify the situation on a class-wide basis within 30 days of receipt of this letter, we will seek actual damages, plus punitive damages, interest, attorneys' fees and costs.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

L. Timothy Fisher