UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SAFEWAY TUNA CASES | Case No.  15-cv-05078-EMC |
| | **ORDER APPOINTING INTERIM CLASS COUNSEL** |
| | Docket Nos. 19, 38 |

## I.    INTRODUCTION

The instant putative class action is brought on behalf of purchasers of Safeway brand and Open Nature brand tuna (collectively Safeway Tuna).  Docket No. 53 (Consolidated Complaint) (Compl.) at ¶ 1.  Plaintiffs allege that the Safeway Tuna cans are underfilled and substantially underweight.  *Id.*

The suit was originally filed as three separate suits: *Soto v. Safeway, Inc.*, *Shihad v. Safeway, Inc.*, and *Shiner v. Safeway, Inc.*  On March 8, 2016, the parties stipulated to the consolidation of the cases.  Docket No. 39.  Plaintiff Soto now moves for the appointment of Bursor & Fisher, P.A. as interim counsel, while Plaintiff Shiner moves for the appointment of Finkelstein Thompson LLP as interim counsel.  Docket Nos. 19, 38.  These motions came on for hearing before the Court on April 7, 2016.  For the reasons stated below, the Court will appoint Finkelstein Thompson as interim counsel.

## II.    DISCUSSION

The Ninth Circuit has held that a court has the inherent power to consolidate actions and appoint counsel to supervise and coordinate prosecution of a case.  *See Vincent v. Hughes Air W., Inc.*, 557 F.2d 759, 774 (9th Cir. 1977).  Factors that courts typically consider in lead counsel

determinations include: (1) the quality of the pleadings, (2) the vigorousness of the prosecution of the lawsuits, (3) the capabilities of counsel, including their experience and prior success record, and whether counsel's charges are reasonable, and (4) whether one complaint is simply a 'copycat action' of another. *See In re Oclaro, Inc. Derivative Litig.*, Case No. C-11-3176 EMC, 2011 U.S. Dist. LEXIS 103967, at *6-7 (N.D. Cal. Sept. 14, 2011).

The Court finds that appointment of interim class counsel is warranted to avoid duplication of work, and appoints Finkelstein Thompson as interim counsel.  First, the quality of pleadings somewhat favors Finkelstein Thompson, as the *Shiner* complaint identified the Vons corporation as a defendant while the *Soto* complaint did not, although Vons stores use a number of Safeway brands and advertising campaigns (including the Open Nature brand).  *See* Case No. 16-cv-318-EMC, Docket No. 1 (*Shiner* Compl.).  The original *Soto* complaint also did not identify the "Open Nature brand" (which is Safeway's own brand, and allegedly replaced the Safeway brand after it was discontinued).  *See id.* at ¶ 31.  While Bursor & Fisher state that they were aware of this information, they offer no explanation for why they failed to include it in their initial complaint. *See* Docket No. 35-1 (Supp. Fisher Dec.) at ¶ 3.

Second, the vigorousness of prosecution is neutral, given the early posture of this case. Both firms have conducted similar pre-trial investigations, including contacting the National Oceanic and Atmospheric Administration (NOAA) to conduct standard of fill tests.  *See* Docket No. 19-1 (Fisher Dec.) at ¶¶ 12-13; Docket No. 38 (Rivas Dec.) at ¶ 13.

Third, the capabilities of counsel favors Finkelstein Thompson.  While both counsel have experience in food labeling class actions, the Court has some concerns regarding Bursor & Fisher's actions in the *Hendricks v. StarKist Co.* class action, Case No. 13-cv-729-HSG, as well as Bursor & Fisher's assertions that they successfully resolved the *Hendricks* case even though final approval of the class action settlement was denied.  Finkelstein Thompson, on the other hand, has been appointed to the Steering Committee in *In re Volkswagen "Clean Diesel" MDL*, Case No. 15-MD-2672-CRB (JSC), having been selected in a highly competitive process.  Rivas Dec. at ¶ 11.

Finally, the factor of whether one complaint may be a "copycat action" favors Bursor &

**United States District Court**
For the Northern District of California

1   Fisher.  Finkelstein Thompson did not start investigating the claim until early December 2015,

2   after the *Soto* complaint was filed in November 2015, and the complaints are relatively similar.

3   *See* Rivas Dec. at ¶ 13.

4          The weight of the factors favors Finkelstein Thompson as interim class counsel.  As

5   interim class counsel, Finkelstein Thompson shall have the sole authority to:

6                a.   Determine and present (in briefs, oral argument, or such other fashion as

7                      may be appropriate, personally or by a designee) to the Court and opposing

8                      parties the positions of plaintiffs in the Consolidated Action on all matters

9                      arising during proceedings;

10               b.   Coordinate and conduct discovery on behalf of plaintiffs in the

11                     Consolidated action consistent with the requirements of Fed. R. Civ. P.

12                     26(b)(1), 26(b)(2) and 26(g), including any discovery and scheduling orders

13                     that the Court may issue, including the preparation of joint interrogatories

14                     and requests for production of documents and the examination of witnesses

15                     in depositions;

16               c.   Coordinate the selection and preparation of expert witnesses for the

17                     plaintiffs in the Consolidated Action;

18               d.   Conduct settlement negotiations on behalf of plaintiffs in the Consolidated

19                     Action;

20               e.   Delegate specific tasks to other counsel as necessary to ensure that pretrial

21                     preparation for the plaintiffs in the Consolidated Action is conducted

22                     efficiently and effectively;

23               f.   Enter into stipulations with opposing counsel as necessary for the conduct

24                     of the Consolidated Action;

25               g.   Perform such other duties as may be incidental to proper coordination of

26                     Plaintiffs' activities or authorized by further order of the Court.

27   In making this appointment, the Court reiterates its view that this case should not require work by

28   multiple law firms except in exceptional circumstances on discrete issues, where, *e.g.*, another

firm has unique knowledge on a particular matter, and that Finkelstein Thompson will be charged with ensuring that costs and expenses – including attorney's fees – will be properly managed, and that duplication of work will be kept to a minimum.  There is no need for an executive committee or co-counsel.

### III.    CONCLUSION

The Court **GRANTS** Plaintiff Shiner's motion to appoint Finkelstein Thompson as sole interim counsel and **DENIES** Plaintiff Soto's motion to appoint Bursor & Fisher as interim counsel.

This order disposes of Docket Nos. 19 and 38.


**IT IS SO ORDERED**.


Dated: April 8, 2016

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

4