UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE SAFEWAY TUNA CASES

Case No. 15-cv-05078-EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Docket No. 57

Plaintiffs Ehder Soto, Heney Shihad, Dan Shiner, Julie Whitson, and Mauri Sanders (collectively, "Plaintiffs") filed the instant putative class action against Defendants Safeway Inc. and The Vons Companies, Inc. (collectively, "Safeway"). Plaintiffs allege that Safeway and Open Nature brand tuna cans (collectively, "Safeway tuna") sold at Defendants' retail stores are underfilled and underweight. Docket No. 53 ("Compl.") at ¶ 1. The consolidated complaint asserts nine causes of action: (1) Breach of Express Warranty, (2) Breach of Implied Warranty of Merchantability, (3) Unjust Enrichment, (4) Fraud, (5) Fraudulent Concealment, (6) Negligent Misrepresentation, (7) Violation of California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 et seq., (8) Violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 et seq., and (9) Violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq. Currently pending before the Court is Defendants' motion to dismiss Count 3 (Unjust Enrichment) and Count 6 (Negligent Misrepresentation) of the complaint. Docket No. 57 ("Mot.").

The Court heard argument on the Motion on June 30, 2016. Having considered the parties' briefs and the arguments presented at the hearing, as stated at the hearing, the Court **GRANTS** in part and **DENIES** in part Defendants' motion. This order memorializes and supplements that

ruling.

## I. DISCUSSION

A.   Legal Standard

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a motion challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not "a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

B.   Unjust Enrichment

Defendants argue that Plaintiff's unjust enrichment claim should be dismissed for two reasons. First, Defendants argue that there is no cause of action for unjust enrichment under California law. Mot. at 4. Second, Defendants contend that the claim and relief sought is duplicative of Plaintiffs' other claims. *Id.* at 5. The Court rejects both arguments.

Although unjust enrichment is not a standalone cause of action in California, "a court may construe the cause of action as a quasi-contract claim." *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal citation omitted). Under this standard, the Ninth Circuit found that plaintiffs stated a valid quasi-contract claim when they alleged that defendants enticed them to purchase defendants' products through false and misleading labeling and that defendants were unjustly enriched as a result. *Id.* Here, Plaintiffs similarly allege that they purchased Safeway tuna based on Defendants' misrepresentations and that Defendants have been unjustly enriched. Compl. at ¶ 82. This statement is sufficient to state a quasi-contract claim, a claim not

1    expressly asserted in the complaint.

2          Additionally, Plaintiffs are permitted to plead unjust enrichment, even if it were
3    duplicative of their other claims, at the pleading stage. The Ninth Circuit has held that "even if a
4    cause of action [for unjust enrichment] is duplicative of or superfluous to other claims, this is not
5    grounds for dismissal." *Astiana*, 783 F.3d at 762-63. In light of *Astiana*, a majority of cases in
6    this district have permitted unjust enrichment claims even when they are duplicative of other
7    claims. *E.g., Romero v. Flowers Bakeries, LLC*, Case No. 14–cv–05189–BLF, 2015 WL
8    2125004, at *9 (N.D. Cal. May 6, 2015) (permitting an unjust enrichment claim even though it
9    might be duplicative of the plaintiff's other claims under California's Unfair Competition Law,
10   False Advertising Law, and Consumer Legal Remedies Act); *Valencia v. Volkswagen Grp. of Am.*
11   *Inc.*, 119 F. Supp. 3d 1130, 1143 (N.D. Cal. 2015) (holding that plaintiffs are permitted to plead an
12   unjust enrichment claim in the alternative even if it is questionable whether it provides any
13   prospect for relief independent of other causes of actions already alleged).

14         Defendants rely on *Dickey v. Advanced Micro Devices, Inc.*, Case No. 5:15-cv-04922-
15   RMW, 2016 WL 1375571, to argue that Plaintiffs' unjust enrichment claim should be dismissed.
16   Mot. at 4-5. In *Dickey*, the court dismissed an unjust enrichment as superfluous because the
17   plaintiff additionally pleaded a breach of warranty claim, which covered the same subject matter.
18   2016 WL 1375571, at *8. Although the court acknowledged *Astiana*'s holding that an unjust
19   enrichment claim may be recognized as a valid quasi-contract claim, the court did not discuss or
20   apply *Astiana*'s further holding that courts should not dismiss an unjust enrichment claim on the
21   ground that it is duplicative of other claims. *Id.* Here, the Court is obliged to follow the precedent
22   set in *Astiana* and will permit Plaintiffs' unjust enrichment at this stage even if it may be
23   duplicative of other claims.

24   C.    <u>Negligent Misrepresentation</u>

25         Defendants also move to dismiss Plaintiffs' claim for negligent misrepresentation because
26   it is barred by the economic loss rule. Mot. at 5. The California Supreme Court has recognized
27   that "[t]he economic loss rule requires a purchaser to recover in contract for purely economic loss
28   due to disappointed expectations, unless he can demonstrate harm above and beyond a broken

3

contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004); *see also In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) (citing the same rule from *Robinson*). The purpose of this rule is to prevent "the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter*, 34 Cal. 4th at 988. Thus, if a purchaser seeks damages for economic loss, without any claim of personal injury or damages to other property, he must recover in contract. *Id.*

Here, Plaintiffs plead no facts that demonstrate that they suffered any damages beyond economic loss. Plaintiffs conceded as much in their opposition and during the hearing. Thus, Plaintiffs' negligent misrepresentation claim is dismissed with prejudice.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendants' motion to dismiss. Plaintiffs' unjust enrichment survives this motion to dismiss. Plaintiffs' negligent misrepresentation is dismissed with prejudice.

This order disposes of Docket No. 57.

**IT IS SO ORDERED**.

Dated: July 13, 2016

_____
EDWARD M. CHEN
United States District Judge